STATE OF MAINE                                        SUPERIOR COURT
CUMBERLAND, ss.                                       CIVIL ACTION
                                                      DOCKET NO. CV-19-302

STATE OF MAINE
Cumberland, ss. Clark's Office

FEB 09 2021

RECEIVED

TRAVIS BENNER,

        Plaintiff

        v.                                    ORDER ON MOTION FOR SUMMARY
                                              JUDGMENT
N.C. HUNT, INC.,

        Defendant

The matter before the court is Defendant N.C. Hunt, Inc.'s, ("N.C. Hunt") Motion for

Summary Judgment. For the following reasons, the motion is denied.

Background

N.C. Hunt is a business operating in Damariscotta, Maine, that sells lumber, hardware,

hardscape and other things to the general public. (Supp.'g S.M.F. ¶ 1.) The business has a large

property located on U.S. Route 1, containing a building for retail, a warehouse and spaces for

outside storage of materials. *Id.* ¶ 2. The property is located just northeast of the intersection of

U.S. Route 1 and Business Route 1. *Id.* ¶ 3. The intersection between U.S. Route 1 and Business

Route 1 has a stop sign to regulate traffic, where travelers coming from Business Route 1 must

wait for an opportunity to turn right. *Id.* ¶¶ 6-7.

There are two entrances to the property, one on the southern side of the property and one

on the northern side. *Id.* ¶ 4. The southern entrance can be accessed via a public right of way that

branches off from Business Route 1 before the stop sign. *Id.* ¶ 5. The northern entrance is located

on the northbound side of U.S. Route 1, after the stop sign. *Id.* ¶ 4. If a motorist traveling north

on Business Route 1 wished to bypass the stop sign, they could enter N.C. Hunt's property via

the southern entrance and exit onto U.S. Route 1 via the northern entrance. *Id.* ¶ 8.

1

The incident that gave rise to this lawsuit occurred on Friday, August 6, 2018, somewhere between 5:30 and 6:00 PM. *Id.* ¶ 17. Plaintiff Travis Benner was traveling north on Business Route 1 on a motorcycle with two of his co-workers, John Tonry and Camille Lazzari, who were each in separate vehicles. *Id.* ¶ 21. When Benner reached the intersection, he turned onto the public right of way leading to the entrance to N.C. Hunt's property. *Id.* ¶ 28. Benner could not see the property when he turned off of Business Route 1. *Id.* ¶ 29.

N.C. Hunt is open from 6:30 AM to 5:00 PM on weekdays. After 5:00 PM, an employee hangs a rust colored chain between two large pine trees near the southern entrance to the property, effectively blocking vehicle traffic. (Opp. S.M.F. ¶ 10; Supp.'g S.M.F. ¶ 10.) As Benner proceeded down the right of way towards N.C. Hunt's property, he attempted to turn into the southern entrance. He did not notice the chain until too late and collided with it, resulting in injuries to his neck, arm and top. (Supp.'g S.M.F. ¶ 35.) There was no signage indicating that N.C. Hunt was closed for the night. (Opp. S.M.F. ¶ 7.)[1]

Standard

Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Lougee Conservancy v. City Mortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted). "Facts contained in a supporting or opposing statement of material facts, if supported

---

[1] The court only considers this paragraph of the Plaintiff's Statement of Material Facts for the proposition that there was no closed sign on the day of the incident. The rest of the paragraph deals with subsequent remedial measures and is therefore not properly considered on a motion for summary judgment. *See HSBC Mortg. Servs. v. Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815 ("Assertion of material facts must be supported by record references to evidence that is of a quality that would be admissible at trial.").

by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R. Civ. P. 56(h)(4). In order to controvert an opposing party's factual statement, a party must "support each denial or qualification by a record citation." M.R. Civ. P. 56(h)(2).

Discussion

> Negligence has four elements:
>
> (1) a duty owed to the plaintiff;
> (2) a breach of that duty;
> (3) an injury; and
> (4) causation, that is, a finding that the breach of the duty of care was the cause of the injury.

*Estate of Smith v. Cumberland County*, 2013 ME 13, ¶ 16, 60 A.3d 759. When the alleged harm has to do with the conditions on a landowner's property, the status of the plaintiff determines the duty owed by the landowner.

A person on the landowner's property may be an invitee, a licensee, or a trespasser. An invitee, someone "present on the land through an owner's express or implied invitation, either for a purpose connected with the owner's business or for a social visit," is owed "the positive duty of exercising reasonable care in providing reasonably safe premises for their use. *Poulin v. Colby College*, 402 A.2d 846, 848 (Me. 1979). Licensees, "persons who are neither passengers, servants, nor trespassers, and do not stand in any contractual relation with the owner of the premises, and are permitted to come upon the premises for their own interest, convenience or gratification," are owed the same duty. *Id.* at 848, 850-51. A trespasser, defined as "a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise," is only owed a duty to refrain from "wanton, willful or

3

reckless acts of negligence." *Collomy v. School Admin. Dist. No. 55*, 1998 ME 79, ¶¶ 6, 15, 710 A.2d 893.

The substance of N.C. Hunt's motion is that Benner was a trespasser when his injury occurred, and no reasonable jury could find that it breached its duty to refrain from wanton, willful or reckless negligence. The determination of Benner's legal status is an issue of fact. *Poulin*, 402 A.2d 846, 849 (Me. 1979). Thus, the question is whether, interpreting the facts in the light most favorable to Benner, a jury could reasonably conclude that he was at least a licensee. Based on a review of the record and the relevant law, the court believes that it could.

N.C. Hunt cites two cases in support of its argument that Benner was a trespasser. In *Collomy v. School Admin. Dist. No. 55*, a child was found to be a trespasser after he left a school playground held open to the public, where he was an invitee, and entered a shed that the school used to store equipment and materials. 1998 ME 79, ¶¶ 7-8, 710 A.2d 893. In the other case, *Lemieux v. Central Furniture & Appliances, Inc.*, the Superior Court held that the plaintiff was a trespasser when he drove his car to the delivery area adjacent to the defendant's warehouse, where he failed to introduce any evidence that the defendant had consented to his presence there. No. CV-02-032, 2003 Me.Super. LEXIS 29 at *3 (Feb. 24, 2003).

Neither of these cases apply to the case at bar. Crucially, both cases that N.C. Hunt relies on involve situations where the plaintiff entered a part of the property that was not ordinarily held out as open to the public. This is very different from this case, where Benner was injured attempting to enter the parking lot used by customers when N.C. Hunt is open. The court knows of no authority that would require a finding that Benner was a trespasser when he attempted to enter the customer parking lot of a business, absent some clear indication that his presence was not desired. The entrance Benner was attempting to use was an entrance to the location where

customers typically park. There are numerous factors a jury could consider to determine whether Benner was an invitee or licensee versus a trespasser, including the time of day, the degree of daylight, the appearance of the business and other similarly situated businesses and whether they appeared open, and the appearance of the parking lot. The jury may also want to consider what steps N.C. Hunt had taken to indicate the business was closed and that people were not welcome on the property. In addition, Benner has testified he was entering the premises to procure paint palettes. (Opp. S.M.F. ¶ 9). Whether or not that is true, as well as assessing the factors listed above, are questions of fact for the jury to decide. In other words, because Benner was attempting to enter a portion of the property normally held open to the public, the court has no basis to remove this question of fact from the jury, especially where there was no signage to indicate that N.C. Hunt was closed. The adequacy of the chain to communicate this message is a fairly contested matter of fact and will be left to the jury.

The entry is

> Defendant N.C. Hunt's Motion for Summary Judgment is DENIED.

> The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: Feb 9 , 2021

Harold Stewart, II
Justice, Superior Court

Entered on the Docket: 2/9/2021

5